IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| STUDCO BUILDING SYSTEMS U.S. L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> 1st ADVANTAGE FEDERAL CREDIT UNION, <br><br> Defendant. | Case No. 2:20-cv-00417 |

## MEMORANDUM OPINION AND ORDER

Before the Court is Studco Building Systems U.S., LLC ("Plaintiff" or "Studco") Motion To Amend Judgment To Include Punitive Damages ("Motion"), ECF No. 125, pursuant to Federal Rule of Civil Procedure 59(e). 1stAdvantage Federal Credit Union ("Defendant" or "1st Advantage") filed a response in opposition, ECF No. 130. Plaintiff replied. ECF No. 132. Having carefully reviewed the parties' filings, the Court finds this matter ripe for judicial determination. For the reasons below, Plaintiff's Motion, ECF No. 125, is **DENIED**.

On November 5, 2019, Plaintiff filed the Complaint in this matter, initiating an action against Defendant for failure to comport with basic security standards that resulted in the unlawful diversion of funds. Complaint, ECF No. 1. Plaintiff filed an Amended Complaint on January 29, 2020. Amend. Compl., ECF No. 11. The case was then transferred to the Eastern District of Virginia. Case Transfer, ECF No. 23. On January 12, 2023, following a bench trial, the Court entered judgment in favor of Plaintiff, finding Defendant liable for compensatory damages in the amount of $558,868.71. ECF No. 119. On February 9, 2023, Plaintiff filed a Motion to Amend Judgment to Include Punitive Damages, pursuant to Rule 56(e). ECF No. 125. On February 23, 2023, Defendant responded in opposition. ECF No. 130. On March 1, 2023, Plaintiff replied. ECF No. 132.

Under Fed. R. Civ. P. 59(e), this Court has discretion to amend a final judgment in the following circumstances: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Ingle ex rel. Est. of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). The Fourth Circuit has emphasized that mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Rule 59(e) motions are not a tool with which an unsuccessful party may rehash the same arguments and facts previously presented. *Alana v. Clarke*, 2018 WL 9651488 (E.D. Va. Oct. 31, 2018) (citations omitted). Here, Plaintiff has not argued that the Opinion must be amended to accommodate an intervening change in controlling law or to account for new evidence not available at trial. Plaintiff instead states that an amendment would "prevent manifest injustice." ECF No. 126 at 6. However, Plaintiff does not explain how amending the Opinion would prevent manifest injustice. Upon reply, instead Plaintiff argues that the Opinion must be amended to correct a clear-error-of-law. ECF No. 132 at 6. Plaintiff argues that the Court made a legal error when it concluded that the evidence at trial was insufficient to support a punitive damages award. *Id.* However, again Plaintiff fails to explain how this is a legal error instead of Plaintiff's disagreement with the Court's factual finding. The Court finds that Plaintiff has not satisfied any ground to amend or reconsider this Court's order. The Court finds Plaintiff's arguments insufficient to change this Court's order.

Even if Plaintiff had adequately articulated any facts to show that an amended Opinion would correct a legal error or prevent manifest injustice, Plaintiff fails to show any factual findings to support punitive damages. Federal courts "apply[] the state's substantive law of punitive damages under standards imposed by federal procedural law." *Atlas Food Sys. & Servs. v. Crane Nat'l Vendors*, 99 F.3d 587, 593 (4th Cir. 1996). Thus, the Court relies on "Virginia's scheme for awarding punitive damages." *Johnson v. Hugo's Skateway*, 974 F.2d 1408, 1417 (4th Cir. 1992).

In *Horn v. Webb*, 882 S.E.2d 894 (Va. 2023) the Virginia Supreme Court explained that punitive damages "are allowable only where there is misconduct or actual malice, or such reckless or negligence as to evince a conscious disregard of the rights of others." The court further explained that when "there is no 'fraud, malice, oppression, or other special motives of aggravation, damages by way of punishment cannot be awarded, and compensatory damages only are permissible." *Id.* Here, after a bench trial, the Court found that Plaintiff "ha[d] not provided sufficient evidence for punitive damages." EFC No. 119 at 34. Now, after trial, Plaintiff does not provide any new facts that were not available at or presented at trial. Further, these facts do not show "special motives of aggravation" on the part of Defendant. Therefore, the Court finds Plaintiff's arguments insufficient to change this Court's order.

For the reasons above, Plaintiff's Motion, ECF No. 125, is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
July 7, 2023

/s/
Raymond A. Jackson
United States District Judge

3